UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CARMELLA A. CHAMBERLAIN,

                Plaintiff,

                                                          <u>DECISION AND ORDER</u>

                                                          11-CV-6166L

           v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

## INTRODUCTION

        Plaintiff Carmella Chamberlain ("Plaintiff"), proceeding *pro se,* appeals from a denial by the Commissioner of Social Security ("Commissioner") of her request that her Social Security Administration ("SSA") earnings record be amended to reflect wages she claims were not credited to her during a six year period. This action is brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner.

        The Commissioner now moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), on grounds that the ALJ's decision was supported by substantial evidence and is based upon the application of the correct legal standards. For the reasons set forth below, the Court finds that the decision of the Commissioner is supported by substantial evidence and is not based on legal error. The Commissioner's motion for judgment on the pleadings (Dkt.# 5) is hereby granted. Plaintiff's complaint (Dkt. #1) is dismissed with prejudice.

## BACKGROUND

        On March 5, 2007, Plaintiff filed an application with the SSA for retirement insurance benefits, claiming that her earnings record for the years 1980 - 1986 was incorrect. (Tr. 15-16). Specifically, Plaintiff claimed that although her SSA records reflect no applicable earnings for these

years, she had earned income during that period working for an employer who paid her wages and the accompanying FICA withholding taxes on her behalf. (Tr. 24). On October 29, 2007, the SSA denied her request to amend her earnings record. (Tr. 20-23). On November 28, 2007, Plaintiff requested a hearing before an administrative law judge ("ALJ"). (Tr. 24). This hearing was held on January 26, 2009, before ALJ John P. Costello. (Tr. 209-246). On June 16, 2009, ALJ Costello determined that Plaintiff had failed to establish that she paid FICA taxes for the wages she allegedly earned from 1980 to 1986, and denied her request to amend her earnings record and receive credit for any earnings during that time period. (Tr. 13). Plaintiff then requested that the Appeals Council review the ALJ's decision. (Tr. 8). On January 31, 2011, after reviewing the evidence submitted by the Plaintiff, the Appeals Council denied Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. (Tr. 2-5). This action followed.

## DISCUSSION

**I. Jurisdiction and Scope of Review**

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). "The Court carefully considers the whole record, examining evidence from both sides 'because an analysis of the substantiality of the evidence must also include that which detracts from its weight.'" *Tejada v. Apfel,* 16 F.3d 770, 774 (2d Cir. 1998) (quoting *Quinones v. Chater,* 117 F.3d 29, 33 (2d Cir. 1997)). Still, it is not the function of a reviewing court to decide de novo whether a claimant's benefits claim should be denied. *See Melville v. Apfel,* 198 F. 3d 45, 52 (2d Cir. 1999). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational

probative force, [this Court] will not substitute our judgment for that of the Commissioner." *Veino v. Barnhart,* 312 F.3d 578, 586 (2d Cir. 2002).

## II. The Commissioner's Decision

Here, Plaintiff disputes the Commissioner's finding that her wages for the time period in question could not be credited to her SSA earnings record. Although Plaintiff is unable to produce copies of income tax records for the relevant years, Plaintiff makes two primary arguments in support of the claim that her SSA wage record should be amended: (1) she contends that the SSA should accept her claim that she earned certain wages from the years 1980 to 1986, because since she submitted tax returns for the years in question and was not audited by the IRS, that alone is proof that her W-2 statements were correctly submitted with her tax returns at that time; and (2) the ledger sheets prepared at some point and submitted by Plaintiff's accountant, allegedly covering the years 1980 through 1986, are *prima facie* evidence of her taxed earnings during those years. *See* Dkt.#9. at 3-4; R. 84-90. The question for this Court is simply whether the ALJ utilized the correct legal standards, and if so, whether his findings are supported by substantial evidence.

The ALJ correctly held that Plaintiff failed to meet her burden of proof when she failed to prove by a preponderance of the evidence that the wages she claims should be credited were in fact her own earnings, and additionally that FICA taxes were duly paid on them. The SSA is required to maintain records of wages paid to, and the amount of self-employment income derived by, individual taxpayers, and must furnish these records to the individual on request. *See* 42 U.S.C. § 405(c)(2)(A); *see also Butts v. Sec'y of Health and Human Servs.,* 706 F.2d 107, 108 (2d Cir.1983). A claimant may challenge the SSA's wage records, but generally may only do so within the prescribed time limit. *See* 42 U.S.C. § 405(c)(4). That time limit is three years, three months, and fifteen days after the year of the disputed earnings. *See* 42 U.S.C. § 405(c)(1)(B); *see also Butts,* 706 F.2d at 108. After the expiration of the time limit, the SSA's records comprise presumptive evidence that no other wages were paid during the period in question. *See* 42 U.S.C. § 405(c)(4)(B); *see also*


*Butts,* 706 F.2d at 108. "The presumption 'protects the government from spurious or merely inaccurate or unverifiable claims based on after-the-fact evidence.'" *Butts,* 706 F.2d at 108 (quoting *Hollman v. Dep't of Health and Human Servs.,* 696 F.2d 13, 17 (2d Cir. 1982)). Therefore, after the time limit expires, wage records can only be corrected under certain enumerated circumstances. *See* 42 U.S.C. § 405(c)(5).

A claimant challenging the SSA's wage records must prove her case by a preponderance of the evidence. *See Butts,* 706 F.2d at 108. Here, Plaintiff claims that her earnings from the years 1980 through 1986 were erroneously omitted from her earnings record. Because the time limit has expired on these records, Plaintiff is required to establish the existence of one of the exceptions found in 42 U.S.C. § 405(c)(5) in order to rebut the presumption of the correctness of the SSA's records. The Plaintiff here has failed to do so. Although on its face Plaintiff's submission of her tax returns for the years in question appears to invoke the exception described in section 405(c)(5)(F)(i)(permitting amendment of an earnings record after the time limit has expired in order to conform to previously filed tax returns or portions thereof), the ALJ correctly noted that Plaintiff's tax returns do not, as required, conclusively prove that she actually earned the wages she claimed or paid FICA taxes on those wages. R. at 13). The Appeals Counsel affirmed and amplified this holding, reasoning that:

> while the tax returns do reflect wages paid during the years, they do not conclusively prove that you were the individual earning those wages; given the joint nature of the return, your husband could have been the recipient of those wages. These returns do not clearly establish the amount of wages paid to you, since they do not clearly establish that the wages were paid to you and not your husband.

R. at 3). Because Plaintiff's tax records and the ledger submitted by her accountant are susceptible to multiple interpretations, and do not differentiate between Plaintiff's earnings and her husband's, they are insufficient to support a finding that the wages claimed on the returns were in fact earned by Plaintiff and that FICA taxes were paid on them. As such, the Plaintiff did not meet the burden of proof and did not rebut the presumption that the SSA's records of her wages are accurate. *See*

*Butts,* 706 F.2d at 108 (claimant failed to carry his burden where he failed to provide any verification of allegedly omitted earnings); *see also Gittens v. Secretary of Health and Human Servs.*, 1991 U.S. Dist. LEXIS 18963 (E.D.N.Y. 1991) (holding that plaintiff's testimony is insufficient to overcome presumption of accuracy for social security earnings records).  At her hearing, the ALJ gave Plaintiff an opportunity to submit any other documentation which could prove that she alone earned the income which she alleges.  Plaintiff, however, was unable to offer any such proof.  Consequently, the ALJ and Appeals Counsel did not commit legal error in holding that Plaintiff's proofs were insufficient as a matter of law to rebut the presumption that the SSA's records are accurate.

Based on the foregoing, I believe the ALJ applied the correct law properly and that his decision is supported by substantial evidence.  I find no basis to modify that decision.

## CONCLUSION

The Commissioner's benefit calculation was based on the correct legal standards and was supported by substantial evidence. Accordingly, the Commissioner's motion for judgment on the pleadings (Dkt.# 5) is granted.  The decision of the Social Security Administration is affirmed, and the complaint (Dkt.#1) is dismissed, with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       November 2, 2012.